**J. CLAYTON MILLER**
Attorney at Law
Registered Mediator
esquireclay@hotmail.com

**JORDAN LAW, LLC**
2000 East Main Street
Richmond, IN 47374
Telephone: (765) 966-2600
Facsimile: (765) 966-7093

January 3, 2021

The Honorable Judge Oetken
U.S. District Court
Southern District of New York

Re: **Scott Robinson**
**Case Number 1:20-CR-00162-JPO**

Dear Honorable Judge Oetken:

Thank you for accepting and considering this character letter of support on behalf of Scott Robinson. I have known Scott for about fourteen years. I am married to his sister, Malia.

I am an attorney practicing in a small Indiana city. My practice includes criminal defense. I write this letter from both an attorney's and a family member's perspective.

The qualities that I believe best describe Scott are that he is generous, trustworthy, and entrepreneurial. Time and time again, I have witnessed Scott to be the first person to help someone in need. Scott paid for a new roof to be installed on his disabled mother's home. He bought his veteran father a car. Scott is also generous just because he can be. A few years ago, when my wife and I bought a new home, he purchased flooring my wife wanted as a housewarming gift. He gifted my children (his nephew, Luke, and niece, Lilly) initial contributions to their college funds. During the entire time I have been in a relationship with Malia, it has been a repeated theme within her family that Scott has helped nearly every family member in one way or another.

Scott is Luke's and Lilly's favorite uncle. His role as their favorite uncle has nothing to do with any financial generosity which he may have lavished upon them. Rather (and much more importantly), he is generous with his time and attention to them. Scott is genuinely interested in them and their interests. He talks to them on their levels and about whatever they may be interested in at any particular time.

I absolutely trust Scott. A few years ago, when Malia and I commenced our own personal estate planning, we appointed Scott as our successor durable power-of-attorney on behalf of our children in case we both predeceased our children. His genuine love for my children will not change this appointment despite his current legal issues. I have confidence that I can trust Scott will make sure my children are well cared for if Malia and I are not able to do so ourselves. Further, I told Malia that should I ever predecease her, then Scott is who she should seek out and listen to when making

financial decisions. Again, my loving advice to my wife does not change even with Scott's current legal issues.

Finally, Scott is the most entrepreneurial person I know. He is well read and always has interesting business ideas. I am jealous of his ability to have the pulse of current business trends and I learn much just by listening to him. He is the hardest working person I know. Much of his business success simply comes down to Scott keeping his nose to the proverbial grindstone.

I was surprised to learn about Scott's current legal troubles. This is not the character of the Scott I know. I do know Scott has suffered with some mental health issues (such as depression) which has some prevalence in his and my wife's family. I have counseled Scott much over the past year and I will personally continue to be there for him no matter his sentence. I have been a listening ear to him. I encourage Scott to diligently maintain his mental health. As a person of faith, I also provide Scott with spiritual mentoring.

I wish I had more "Scotts" in my criminal defense practice. Scott is a nonviolent person. He is not a threat to the community. He has demonstrated his willingness to comply with any rules of supervision. For example, my wife, kids, and father-in-law traveled almost 600 miles (roundtrip) last week just to have lunch with Scott within the confines of where he is permitted to be simply because we all love him. This is a small example of Scott's large support system. His immediate and extended family are here to support him just as he has supported all of us during the many years I have known him.

As I understand the federal sentencing guidelines, Your Honor has a number of sentencing alternatives available to Scott. I respectfully ask you place Scott on probation for the duration of any sentence imposed upon him with one condition be that he continue his mental health treatment. Given Scott's natural business acumen he could provide great community service for a nonprofit organization. I am confident that Scott's family (specifically including my wife and me) will surround Scott to ensure he follows all the rules Your Honor imposes upon him.

Thank you again, Your Honor, for your consideration.

Yours truly,

/s/ J. Clayton Miller